IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DOROTHY HYNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-135 |
| | ) | |
| ANDREW M. SAUL, Commissioner | ) | |
| of Social Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff appeals the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

I.  **BACKGROUND**

Plaintiff applied for DIB on February 8, 2013, and SSI on February 22, 213, alleging a disability onset date of August 29, 2012. Tr. ("R."), pp. 44, 209-218. Plaintiff was forty-seven years old at her alleged disability onset date and was fifty-one years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration. R. 276. Plaintiff

---

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Andrew M. Saul, Commissioner of Social Security Administration, as the proper Defendant.

initially applied for benefits based on allegations of chronic migraines and neck pain. R. 256. Plaintiff has a high school diploma, and prior to her alleged disability, Plaintiff had accrued relevant work history as a machine operator, feeder and spooler. R. 53, 69, 76-82, 247, 263.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 38-39, 153-56. Plaintiff requested a hearing before an ALJ, (R. 157-58), and the ALJ held a hearing on June 13, 2016. R. 59-101. At the hearing, the ALJ heard testimony from Plaintiff, who appeared with counsel Shani Franklin, as well as from Vocational Expert ("VE") Robert E. Brabham. Id. On July 14, 2016, the ALJ issued an unfavorable decision. R. 44-54.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since August 29, 2012, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.).

2. The claimant has the following severe impairments: degenerative disc disease of the cervical spine; recurrent migraine headaches; and levoscoliosis (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[2] except for the

---

[2]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary

> following limitations: no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; no more than frequent stooping, crouching, kneeling, or climbing of stairs or ramps; no more than occasional crawling or climbing of ladders, ropes, or scaffolds; and no more than occasional overhead reaching with the bilateral upper extremities.
>
> 5. The claimant is capable of performing past relevant work as the following: (1) machine operator (feeder) (DOT section 699.686-010), which was unskilled work, with an SVP code of two, generally performed at the medium exertional level but performed by the claimant at the light exertional level; and (2) machine operator (spooler) (DOT section 681.685-114), which was unskilled work, with an SVP code of two, generally and actually performed by the claimant at the light exertional level. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).

R. 17-26.

Because the ALJ determined Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from August 29, 2012, through the date of the decision, July 14, 2016. R. 54. When the Appeals Council denied Plaintiff's request for review of the ALJ's decision, R. 15-17, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ erred by (1) failing to include any vocational limitations based on Plaintiff's severe impairment of recurrent migraine headaches, thus creating an RFC which is inconsistent with the ALJ's findings; (2) failing to find Plaintiff meets Listing 12.05(C); and (3) by not obtaining Plaintiff's childhood school records, which show Plaintiff's IQ score and related testing at the time, thereby failing to develop a full and fair record. See doc. no. 16 ("Pl.'s Br."). Plaintiff also argues if the Court does not find remand

---

> work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
>
> 20 C.F.R. §§ 404.1567(b) & 416.967(b).

proper for these reasons under sentence four of 42 U.S.C. § 405(g), then the Court should remand under sentence six of 42 U.S.C. § 405(g) because Plaintiff's childhood school records were not a part of the record on administrative review. Id. The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 19 ("Comm'r's Br.").

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r

4

of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.  DISCUSSION

### A.  Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations

5

that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

That is, an ALJ must consider all of a claimant's impairments, severe and non-severe, in combination. Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (*per curiam*) (citing Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984)); see also 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."). As one of the Commissioner's policy interpretation rulings explains,

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.

Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2, 1996). That is, in combination with other limitations, a "not severe" impairment may prevent the return to past relevant work or narrow the range of other work that may still be available to a claimant. Id.

### B. The Standard for Evaluating Subjective Complaints

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). The Plaintiff

6

must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id.

When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding."[3] Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). The ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4)).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[4] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to

---

[3]On March 16, 2016, Social Security Ruling ("SSR") 16-3p superseded SSR 96-7p. SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). SSR 16-3p eliminates the use of the term "credibility" and clarifies "subjective symptom evaluation is not an examination of an individual's character." Id. However, the change in terminology does not change the substance of the Court's analysis. See Cates v. Comm'r of Soc. Sec., 752 F. App'x 917 (11th Cir. 2018); Waters v. Berryhill, CV 316-002, 2017 WL 694243, at *6, n.4 (S.D. Ga. Jan. 30, 2017), *report and recommendation adopted by* 2017 WL 693275 (S.D. Ga. Feb. 21, 2017.)

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

### C. The ALJ Erred by Failing to Consider Plaintiff's Recurrent Migraine Headaches at Step Four

The case should be remanded to the Commissioner for further consideration because the ALJ failed to properly address Plaintiff's recurrent migraine headaches either separately or in combination with her other impairments in formulating the RFC at step four. See Raduc v. Comm'r of Soc. Sec., 380 F. App'x 896, 898-99 (11th Cir. 2010) (holding ALJ erred by failing to consider or include any discussion of impairment when considering RFC at step four but found same impairment severe at step two); see also Himes v. Comm'r of Soc. Sec., 585 F. App'x 758, 767 (11th Cir. 2014) ("[T]he ALJ omitted discussion of [plaintiff's] diagnosed mental illnesses besides depression, anxiety, and personality disorder, and did not determine whether these additional impairments such as . . . PTSD bore out [plaintiff's] alleged symptoms. . . . [W]ithout considering all of [plaintiff's] diagnosed impairments . . . the RFC is not supported by substantial evidence.") (citing Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2014); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).

At step two, the ALJ found Plaintiff's recurrent migraine headaches, degenerative disc disease of the cervical spine, and levoscoliosis were severe impairments, meaning these impairments "significantly limit[] [the] individual's ability to perform basic work activities." R. 45; see 20 C.F.R. §§ 404.1520(c), 416.922(a). Subsequently, at step four, the ALJ found Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except for some limitations in the amount she can lift or carry, as well as limitations

8

in her ability to stoop, climb, crouch, kneel, or crawl on stairs, ladders, ropes, or scaffolds. R. 49-53. In support of this finding, the ALJ first reiterated Plaintiff's allegations of her impairments and ability to work, and then discussed the medical evidence and physicians' reports. R. 50-51.

The ALJ then found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but Plaintiff's allegations regarding the intensity or persistence of such symptoms were inconsistent with the medical evidence. R. 51. After restating Plaintiff's allegations of symptoms, the ALJ first discussed why he found Plaintiff's allegations regarding her non-severe impairments unpersuasive, concluding the medical evidence found only mild limitations. Id. Next, the ALJ discussed Plaintiff's degenerative disc disease of the cervical spine and levoscoliosis, finding the allegations were not supported by the objective medical evidence, which showed no more limitations than what was allowed for by the RFC as stated above. R. 51-52. Lastly, the ALJ stated generally Plaintiff's impairments can be easily controlled with mere conservative treatment. R. 52. There is no discussion specific to Plaintiff's recurrent migraine headaches like with Plaintiff's other impairments or a discussion of what conservative treatment entails. The remaining portion of the ALJ's step four analysis discussed the weight given to each physician's reports and other objective findings without mentioning Plaintiff's recurrent migraine headaches. R. 52-53. The ALJ's step four analysis concluded by generally finding Plaintiff's severe impairments only restrict her to a range of light work as limited by the above RFC. R. 53.

In determining Plaintiff's RFC, the ALJ failed to consider Plaintiff's recurrent migraine headaches as a source of limitations. As described above, the ALJ did not refer to Plaintiff's recurrent migraine headaches other than to say he found the impairment to be

9

severe. R. 46-47. Thus, by the ALJ's own definition of severe impairment, Plaintiff's recurrent migraine headaches significantly limited her ability to work. R. 45, 47. However, when discussing the ability to work and the RFC, the ALJ only acknowledged Plaintiff's allegations of symptoms and generally found all of Plaintiff's impairments were easily controlled with conservative treatment. R. 51. Most importantly, the ALJ specifically referred to all of Plaintiff's other impairments but left out any mention of headaches. Also, the ALJ never stated what conservative treatment entailed or described the treatment concerning Plaintiff's headaches. Nor did the ALJ discuss any physician's treatment of Plaintiff with respect to the migraine headaches.

A review of the objective medical evidence shows Plaintiff's recurrent migraine headaches warranted discussion. The medical evidence shows Plaintiff began complaining of headaches as a result of being struck in the head with a beam while working in 2012. R. 50. Subsequently, debilitating headaches lasting six to seven hours caused her to experience dizziness, sensitivity to sound and light, and black spots in her vision. R. 84-86, 428-33, 444-45. Even with medication, Plaintiff's latest medical records states she still experiences these headaches twice a week. R. 428-33. Additionally, the medical records show that Plaintiff's physicians have been actively trying to lessen the frequency or eliminate Plaintiff's headaches altogether, but they have only been able treat the pain when the headaches occur. R. 84-85, 428-33, 445, 447. The ALJ does not mention any of these records specifically or generally, even though he does mention the medical records associated with Plaintiff's other impairments.

The ALJ also erred in discrediting Plaintiff's subjective complaints of her headaches when formulating the RFC. As stated in § III.B., supra, the ALJ must articulate "explicit and

10

adequate" reasons for discrediting Plaintiff's subjective complaints."[5] Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Here, the ALJ failed to analyze or even mention the medical evidence with respect to Plaintiff's headaches, and, therefore, it cannot be said the ALJ articulated "explicit and adequate" reasons for discrediting Plaintiff's allegations on such. At most, the ALJ stated the medical evidence is inconsistent with Plaintiff's allegations, but after a review of the record, there is no evidence stating Plaintiff's headaches did not occur at least twice a week for six to seven hours a time, causing significant limitations to her ability to work. Thus, without more discussion, the ALJ's decision to give no weight to Plaintiff's subjective complaints and allegations regarding the intensity, persistence, and limiting effects of recurrent migraine headaches is not supported by substantial evidence.

Consideration of Plaintiff's subjective complaints, and the objective medical evidence showing continued efforts by physicians to treat such headaches, certainly requires more discussion in the ALJ's findings regarding Plaintiff's RFC. As stated in § III. A., supra, the ALJ must consider all impairments in formulating Plaintiff's RFC. Heatly, 382 F. App'x at 825. Additionally, because the ALJ found Plaintiff's recurrent migraine headaches to be a severe impairment, he already determined such headaches created a limitation on Plaintiff's ability to work and warranted further discussion. R. 45; see 20 C.F.R. §§ 404.1520(c), 416.922(a); Raduc, 380 F. App's at 899 (holding ALJ's failure to discuss severe impairment in formulating RFC was error). Thus, the ALJ's RFC determination is not supported by substantial evidence because he failed to discuss the effects of Plaintiff's headaches, which were a severe impairment, in

---

[5]On March 16, 2016, Social Security Ruling ("SSR") 16-3p superseded SSR 96-7p. SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). SSR 16-3p eliminates the use of the term "credibility" and clarifies "subjective symptom evaluation is not an examination of an individual's character." Id. However, the change in terminology does not change the substance of the Court's analysis. See Cates v. Comm'r of Soc. Sec., 752 F. App'x 917 (11th Cir. 2018); Waters v. Berryhill, CV 316-002, 2017 WL 694243, at *6, n.4 (S.D. Ga. Jan. 30, 2017), *report and recommendation adopted by* 2017 WL 693275 (S.D. Ga. Feb. 21, 2017.)

formulating the RFC.

The Commissioner argues the ALJ's determination that Plaintiff is limited to light work reasonably accounts for any limitations associated with Plaintiff's headaches. Comm'r's Br. 5. However, the ALJ's analysis of Plaintiff's RFC fails to include any mention of Plaintiff's headaches, let alone the fact Plaintiff's physicians were treating her based on the occurrence of debilitating headaches twice a week for six to seven hours. Thus, because the ALJ failed to discuss these symptoms or the headaches generally, it cannot be said the ALJ accounted for all of Plaintiff's impairments in formulating the RFC.

The Commissioner also argues Plaintiff failed to show any additional limitations that were warranted. Comm'r's Br. 6-8. However, Plaintiff has pointed out the continued existence of debilitating headaches occurring twice a week for six to seven hours at a time. The result was Plaintiff being unable to continue her daily activities and lie down. R. 46-47, 445. The medical records support this allegation as Plaintiff has consistently made these complaints for years and physicians have been treating her for such a condition. R. 445. The ALJ's RFC does not discuss this limitation and certainly does not account for it.

The Court finds Raduc, as cited by Plaintiff, instructive in this case. In Raduc, the Eleventh Circuit held the ALJ improperly erred at step four in determining the claimant's RFC when the ALJ failed to discuss one of the claimant's severe impairments and how it affected the RFC. 380 F. App's at 897. The ALJ improperly discredited the claimant's subjective complaints with little discussion and dismissed any limitations associated with the severe impairment because of objective medical test results that were neither related to the severe impairment nor explained the extent of the limitations. Id. at 898-99.

12

Similarly, the ALJ here improperly discredited Plaintiff's subjective complaints and failed to discuss Plaintiff's recurrent migraine headaches and associated limitations in formulating Plaintiff's RFC. Additionally, the ALJ here possibly relies on an unremarkable neurological examination to show Plaintiff's headache and related symptoms were not as she alleged. R. 50. However, the ALJ's decision fails to adequately draw that connection because there is no mention of headaches in the brief statement regarding the neurological examination. Id. However, even if the ALJ was discrediting Plaintiff's headaches based on the neurological examination, he fails to explain how that examination relates to Plaintiff's headaches and not Plaintiff's mental capacity and impairments, which was another source of alleged disability at the administrative stage. Thus, as in Raduc, the ALJ used an objective medical test to disregard a severe impairment without drawing the connection between that specific test and the impairment. In sum, the ALJ's RFC formulation is not supported by substantial evidence because he fails to account for or even discuss Plaintiff's severe impairment of recurrent migraine headaches.

The Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability applications, but the

13

Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted.

The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 4th day of November, 2019, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA